UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 MAR -4 PM 3: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-3181-NE |
| RICHARD CLEMONS, | ) |
| Defendant. | ) |

ENTERED
MAR -4 2004

### MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 6.) Plaintiff DIRECTV has sued defendant Richard Clemons, alleging defendant illegally intercepted its satellite programming and illegally manufactured, assembled, sold, and/or possessed certain satellite pirating devices, in violation of federal law. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 6), is due to be granted in part and denied in part.

### I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the



court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II. STATEMENT OF FACTS

Plaintiff DIRECTV is a direct broadcast satellite system, which provides television programming to homes and businesses that subscribe to its service and which possess certain hardware. (Doc. 1 ¶¶ 1-2.) In order to receive some or all of the programming offered by plaintiff, its subscribers must have a satellite dish, an integrated receiver/decoder ["IRD"], and an access card. (*Id.* ¶ 2.) The access card is also used by plaintiff to limit access to its programming depending on the subscription package purchased by the subscriber. (*Id.* ¶ 9)

Plaintiff alleges, "[s]atellite pirates endeavor to circumvent DIRECTV's security measures to gain unlimited access to all DIRECTV programming . . . without paying a fee." (*Id.* ¶ 11.) "Because the access cards are the primary security mechanism relied on by DIRECTV, the modification of access cards using various hardware and software devices designed to disabled the access cards' security is the primary focus of satellite piracy." (*Id.*)

Plaintiff contends –

> On November 29, 2001, . . .[plaintiff] executed Writs of Seizure with the assistance of the United States Marshals Service at a residence in Naples, Florida. From this raid, [plaintiff] recovered certain shipping records related to DSS-Islands and DSS-Stuff, internet-based companies which provided illegal Access Card reprogramming services and pirate device sales. During and subsequent to the raids, [plaintiff] came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records. Those records evidence certain of the Defendant's purchases of illegal Pirate Access Devices. . . .
>
> . . .
>
> On or about October 29, 2000, [defendant] purchased one "ULPRO/VECTOR NEXT GEN COMBO" from DSS-Stuff.com. The order was shipped to [defendant's] address in Falkville, AL.

(*Id.* ¶ 16, 19a.)

Plaintiff alleges that "Defendant possessed the requisite digital system hardware ("DSS Hardware"), including satellite dish, integrated receiver/decoder ("IRD"), and/or programming, required to use the illegally modified DIRECTV access card, through which Defendant actually and intentionally intercepted [plaintiff's] encrypted satellite transmissions of television programming without authorization or payment to [plaintiff] in violation of 47 U.S.C. § 605 and 18 U.S.C. §§ 2510-2521." (*Id.* ¶ 21.)

### III. DISCUSSION

### A. COUNT 1 – VIOLATION OF 47 U.S.C. § 605(a)

Defendant contends that Count 1 of plaintiff's Complaint, alleging a violation of 47 U.S.C. § 605(a)[1] of the Cable Communications Policy Act, is due to be dismissed because

---

[1]Section 605(a) provides, in part, "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance,

3

plaintiff cannot prove that defendant actually intercepted its programming. However, when deciding a Motion to Dismiss, this court "must accept the allegations set forth in the complaint as true." *Gonzalez*, 980 F.2d at 1419.

The Complaint states, "Defendant has received and/or assisted others in receiving [plaintiff's] satellite transmissions of television programming without authorization." (Doc. 1 ¶ 27.) Such assertion is sufficient to allege that defendant actually intercepted plaintiff's programming. Therefore, defendant's Motion to Dismiss Count 1 of plaintiff's Complaint will be denied.[2]

---

purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."
In Count 4 of its Complaint, which defendant does not ask the court to dismiss, plaintiff alleges that defendant violated 18 U.S.C. § 605(e)(4), which states:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

[2]Defendant attached his Affidavit, denying any interception of plaintiff's satellite programming. Rule 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters

## B. COUNTS 3 AND 4[3] – VIOLATIONS OF 18 U.S.C. § 2511 AND § 2512

Plaintiff contends that Counts 3 and 4 of plaintiff's Complaint are due to be dismissed because "[n]owhere in Counts [3] and [4] of its complaint does [plaintiff] allege a cause of action under the auspices of § 2520(a)." (Doc. 6 at 6.) Section 2520(a) provides for the "recovery of civil damages" by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a). Plaintiff's complaint specifically invokes the protections of 18 U.S.C. § 2520 in Counts 3 and 4. (Doc. 1 ¶¶ 36, 41). Therefore, the court finds that plaintiff has sufficiently invoked the remedy provided by § 2520.

However, the court notes that § 2520 does not provide a remedy for violations of § 2512. As set forth above, § 2520 provides a civil remedy for the illegal "intercept[ion], disclos[ure], or intentional[ ] use[ ]" of "wire, oral, or electronic communication." 18 U.S.C. § 2520(a). Section 2512 prohibits the manufacture, assembly, possession or sell of so-called pirating devices. 18 U.S.C. § 2512(1)(b). Plaintiff contends, in Count 4, that defendant

---

outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). For purposes of deciding defendant's 12(b)(6) motion to dismiss, the court has not considered any matter outside the Complaint.

[3]Defendant erroneously refers to these Counts as Counts 2 and 3 of plaintiff's Complaint.

"manufactured, assembled, distributed, sold, and/or possessed" pirate access devices. (Doc. 1 ¶ 42.) The issue, therefore, is whether § 2520, which provides a private right of action based on illegal "interception, disclosure, or use" of a wire, oral, or electronic communication, also provides a private right of action based on the possession, manufacture, and/or assembly of a pirating device, in violation of § 2512.

Although there is some disagreement among courts, *see DIRECTV, Inc. v. Childers*, 274 F. Supp. 2d 1287, 1289 (M.D. Ala. 2003) and cases cited therein,[4] this court agrees with the line of authority that has found that § 2520 creates a private right of action for violations of § 2511 (actual interception of communication), but not for violations of § 2512 (manufacture or possession of pirate device). *Id.* "[M]ere proof of possession of 'pirating' equipment may establish a violation of the criminal statute [§ 2512], but [it] cannot support a civil action for damages." *Childers*, 274 F. Supp. 2d at 1289. Such interpretation of § 2520 is commonsensical.

---

[4]The court notes that this court is apparently divided on the issue of whether DIRECTV claims under § 2512, based on allegations of mere possession of pirating devices, are due to be dismissed on the ground that § 2520 does not provide a private cause of action for § 2512 violations. *Compare DIRECTV, Inc. v. Agee*, CV 03-J-0770-NE, doc. 32 at 4-5 (N.D. Ala. Nov. 23, 2003)(J. Johnson)(dismissing § 2512 claim on ground § 2520 did not provide a private cause of action for mere possession of a pirating device) and *DIRECTV v. Herring*, CV 03-P-1902-S, doc. 13 (N.D. Ala. (Dec. 2, 2003)(J. Proctor)(same) *with DIRECTV, Inc. v. Milton*, CV 03-C-0769-NE, doc. 17 (N.D. Ala. Sept. 15, 2003)(C.J. Clemon)(stamp ruling denying Motion to Dismiss); *DIRECTV, Inc. v. Alexander*, CV 03-CO-2264-NE, doc. 12 (N.D. Ala. Nov. 14, 2003)(J. Coogler)(order denying Motion to Dismiss without discussion of the § 2520 issue) and *DIRECTV, Inc. v. Curtis*, CV 03-H-2952-J, doc. 9 (Jan. 16, 2004)(S.J. Hancock)(stamp ruling denying Motion to Dismiss).

The individual in whose favor § 2520 was intended – the individual whose communications are intercepted – is not injured by another person's mere possession of a pirate device. Although Congress may have chosen to punish criminally the manufacture and possession of pirate devices without a showing of injury, it did not chose to allow a private individual to sue civilly those persons manufacturing or possessing a pirate device unless such individual was harmed, such as when the pirate device is used to intercept the individual's communications.

Therefore, the court finds that plaintiff's Complaint states a claim for which relief may be granted as to Count 3 (§ 2511), but not as to Count 4 (§ 2512). Defendant's Motion to Dismiss will be denied as to Count 3 and granted as to Count 4. Count 4 will be dismissed with prejudice.

## C. COUNT 5 - CIVIL CONVERSION

Defendant contends that plaintiff's conversion claim is due to be dismissed because (1) plaintiff cannot establish that defendant actually acquired plaintiff's satellite programming; (2) the satellite programming alleged to have been converted is not "personal property"; and (3) plaintiff's state law conversion claims are preempted by the Copyright Act, 17 U.S.C. § 301. However, plaintiff's Complaint, unlike many others filed in this court, does not contain a state-law conversion claim. Therefore, defendant's Motion to Dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Count 4 of plaintiff's Complaint fails to state claims upon which relief may be granted. Therefore, defendant's Motion to Dismiss will be granted as to Count 4, and such claim will be dismissed. An order granting defendant's Motion to Dismiss as to Count 4, and denying his Motion to Dismiss as to the remaining Counts, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this \_\_4th\_\_ day of March, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge